# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALBERT D. THOMAS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ECONOMY INN and SUITES, LLC, )<br>et al., )<br>)<br>    Defendants. ) | No. 4:13-CV-1978 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's *ex parte* request for a temporary restraining order ("TRO"). For the reasons stated below, plaintiff's request will be denied without prejudice.

Plaintiff, a pro se litigant, brings the present action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He claims that he was a tenant in sufferance at the Economy Inn and Suites, LLC in Bridgeton, Missouri from December 2011 to July 15, 2013. He asserts that on July 15, 2013, five members of the Bridgeton Police Department entered his hotel room with force, subjected him to false arrest for "trespass" and took him to the Bridgeton Jail where he was falsely imprisoned for approximately 36 hours. In addition to his claims for false arrest and false imprisonment against the Bridgeton Police officers, plaintiff brings claims for

due process violations against the owners and proprietors of the hotel where he was living and state law claims for intentional infliction of emotional distress. Plaintiff seeks both monetary damages and injunctive relief in his complaint.

Plaintiff has submitted a verified request for TRO in the body of his complaint. He states that the actions of defendants in evicting him from his room at the Economy Inn and Suites on July 15, 2013 has caused him to remain homeless and without shelter since that time. He asserts that he has been sleeping in bus stops since "unlawfully" being evicted from his hotel room on July 15, 2013. He states that he is in "all manner of peril and danger" due to his homelessness and that he fears his belonging will be stolen. Plaintiff additionally claims that because it is now the month of October he faces the prospect of the nights becoming colder.[1] Plaintiff does not explain whether or not he has suffered any of these alleged harms between the time he became homeless in July and the present. Plaintiff has also not explained to the Court his attempts at finding shelter at the local St. Louis City homeless shelters.

Plaintiff submitted his request for TRO to the Court without adequately giving notice to the adverse parties. Under Fed. R. Civ. P. 65(b)(1):

---

[1]The Court takes judicial notice of the unseasonably warm temperatures Missouri has had for this time of year. As of the writing of this Memorandum and Order, it is currently 88 degrees in St. Louis, Missouri.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In the instant case, it does not clearly appear from specific facts shown either by plaintiff's affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse parties or their attorneys can be heard in opposition. Nor are plaintiff's reasons why notice should not be required compelling enough to show irreparable damage or loss at this time.[2] As a result, the request for ex parte relief will be denied without prejudice.

The Court, will however, allow plaintiff time to provide defendants with proper notice by setting a hearing date on the request for TRO on October 17, 2013 at 2:00 p.m. before the Honorable John A. Ross.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's *ex parte* motion for TRO is **DENIED** without prejudice.

---

[2] Plaintiff's sole statement for failure to give notice to all parties summarily concludes, "Finding that the purpose of the Order would be defeated if Defendants were required to be given prior notice."

**IT IS FURTHER ORDERED** that a hearing on plaintiff's request for temporary restraining order will be held on **October 17, 2013 at 2:00 p.m. before the Honorable John A. Ross**.

**IT IS FURTHER ORDERED** that plaintiff is required to serve defendants with a copy of his complaint and his request for TRO as soon as possible so that they may prepare for the hearing on October 17, 2013.  Plaintiff will be required to testify at the hearing as to the steps he has taken to provide proper notice to all parties to this action.  Plaintiff's failure to provide proper notice of his request for TRO, as required under the Federal Rules, may result in a denial of his request for relief.

Dated this 4th day of October, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE