UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERT D. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV1978 JAR |
| ECONOMY INN AND SUITES, LLC, et al, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will stay and administratively close this case pursuant to the Younger v. Harris, 401 U.S. 37, 53-54 (1971), abstention doctrine, as well as under the principles enunciated in Wallace v. Kato, 549 U.S. 384 (2007).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id.

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a pro se litigant, brings the present action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The following factual allegations were ascertained from plaintiff's amended complaint and from a hearing before this Court on plaintiff's motion for temporary restraining order ("TRO"), held on October 17, 2013, at 2:00 pm. Present at the hearing were plaintiff, as well as counsel for defendants: the owners and managers of the Economy Inn and Suites, LLC in Bridgeton, Missouri; five Bridgeton, Missouri, police officers; the Bridgeton Chief of Police; and the City of Bridgeton, Missouri.

Plaintiff claims that he lived at the Economy Inn and Suites, LLC in Bridgeton, Missouri from December 2011 to July 15, 2013. He states that he initially paid the Economy Inn $175 per week. At some later time, plaintiff paid $25 per day. Plaintiff further states that he was a tenant at sufferance on July 15, 2013, when five members of the Bridgeton Police Department entered his hotel room with force, subjected him to

false arrest for "trespass," "kidnapped" him, and took him to the Bridgeton Jail, where he was "falsely imprisoned" for approximately thirty-six hours.

Plaintiff was charged with criminal trespass for his alleged failure to peacefully leave his hotel room, which is currently pending against plaintiff in Bridgeton Municipal Court. See City of Bridgeton v. Albert D. Thomas, Case No. S00042622-9 (Original Report #13-02371, Supplement Report #42622).

In addition to his constitutional claims for false arrest, kidnapping, and false imprisonment against the Bridgeton police officers, plaintiff's amended complaint alleges 14th Amendment due process violations against the owners and proprietors of the Economy Inn and state-law claims for intentional infliction of emotional distress, forcible entry and detainer. Plaintiff seeks both monetary damages and injunctive relief in his amended complaint.

At the TRO hearing, plaintiff asserted that the actions of defendants in evicting him from his room at the Economy Inn and Suites on July 15, 2013, have caused him to remain homeless and without shelter since that time. He asserted that he has been sleeping in bus stops since "unlawfully" being evicted from his hotel room on July 15, 2013. He stated that he has been in danger due to his homelessness and that he is in constant fear that his belongings will be stolen. Plaintiff additionally asserted that as the weather is turning colder, he will be further faced with harm from living on the streets.

Counsel for the owners and managers of the Economy Inn and Suites, LLC asserted that plaintiff had first started staying at their establishment in October of 2011. Plaintiff had paid for a hotel room on a weekly basis, at the rate of $175 per week, a week in advance. Counsel stated that at some point defendants had allowed plaintiff to pay "by the day," charging him $25 per day. Defense counsel stated that according to the business records of the Economy Inn and Suites, LLC, plaintiff had stopped paying his bill in April of 2013. Counsel stated that as of the date of July 15, 2013, plaintiff had not paid for approximately sixty-two (62) nights of lodging, making him delinquent in his bill in the sum of approximately $1,550.00.[1] Counsel stated that plaintiff had been given notice that his failure to pay would result in an eviction if he could not bring his bill current.

By order dated October 21, 2013, the Court denied plaintiff's motion for TRO, finding that plaintiff had failed to establish that he would suffer an immediate and irreparable injury. The Court additionally found that he could not establish a likelihood of success on the merits and that the balance of interests did not rest in plaintiff's favor.

## Discussion

---

[1] It was unclear whether defense counsel stated plaintiff owed $1,615.00 or $1,550.00. However, sixty-two nights at a rate of $25 per night comes out to $1,550.00.

In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Harmon v. City of Kansas City, Missouri, 197 F.3d 321, 325 (8th Cir. 1999); see also, Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed the case at bar, the Court concludes that the Younger criteria are satisfied and that abstention from this matter is warranted.

There is an ongoing state criminal proceeding[2] "arising out of the same" facts as the case at bar. In fact, plaintiff attempted to "remove" the trespass action to this Court, pursuant to 28 U.S.C. § 1443, on October 8, 2013. See City of Bridgeton v. Thomas, 4:13CV2006 JAR (E.D. Mo.). Finding that Mr. Thomas failed to meet the stringent requirements set forth in § 1433(1), on October 21, 2013, the Court remanded the action to Bridgeton Municipal Court from whence it was removed.

Plaintiff's allegations in this Court implicate important state interests, particularly with regard to the constitutional validity of a local ordinance relevant to the trespass

---

[2]Plaintiff has been charged with criminal trespass under the Bridgeton Municipal Code, which carries a penalty, if convicted, of a fine up to or including $1,000 or imprisonment up to a term of six months. See §§ 100.080, 205.220 and 205.230 of the Bridgeton Municipal Code.

proceedings brought against plaintiff.[3] And an adequate opportunity exists in the state proceeding to raise many of the constitutional challenges plaintiff has raised in the present action, i.e., plaintiff's false arrest/false imprisonment claims, as well as his claims for due process are better litigated as 4th and 14th Amendment issues in his criminal action.

The Court is aware that plaintiff has additionally sought monetary damages in this action, and it is of two minds regarding these claims. First, the Court believes that the testimony in plaintiff's criminal case as to who had the appropriate possessory interest and title in the hotel room at issue will be central to the issue of damages. Moreover, as noted in the Court's prior Memorandum and Order, from the TRO hearing before this Court, it does not appear that plaintiff was a tenant by sufferance between April and July 15, 2013. Defendants' counsel stated that plaintiff had, in fact, been given notice that his failure to pay would result in an eviction if he could not bring his bill current, and although given the opportunity, plaintiff did not dispute this fact. See Martin v. Lorren, 890 S.W.2d 352, 358 (Mo.App. 1994) (tenancy at sufferance is not created by mere holding over by tenant; express or implied consent of landlord is

---

[3] In defense of his trespass action, plaintiff may intend to plead, as he does in a small section of his amended complaint, that the Bridgeton police acted in an unconstitutional manner when they "ousted" him pursuant to § 610.130 of the City of Bridgeton Municipal Code. It is apparent plaintiff believes this section of the Municipal Code is in direct conflict with Mo.Rev.Stat.§ 441.060.

required); Grand Inv. Corp. v. Connaughton, Boyd & Kenter, P.C., 119 S.W.3d 101, 109 (Mo. App. 2003) (tenancy at sufferance is a wrongful occupancy by one who was initially in rightful possession of premises; it is not a true estate). Without the status of a tenancy by sufferance, which is what plaintiff claims he had, he cannot be said to have held a constitutionally-protected property interest for Fourteenth Amendment purposes in the hotel room he had once lawfully occupied. Cf. Mills v. County of Lapeer, 2011 WL 669389 (E.D. Mich.) (where plaintiffs had continued to possess premises for one month after defendant had obtained an order of foreclosure, and defendant did not tacitly accept or passively acquiesce to plaintiffs' ongoing possession of property and told plaintiffs they had to leave, no tenancy at sufferance existed; plaintiffs had no cognizable, constitutionally-protected property interest in the premises at the time of eviction). Thus, plaintiff's right to damages in this action is questionable.[4] Nevertheless, as long as plaintiff is unable to resolve his damage issue in his current state court proceeding, a stay rather than a dismissal is the preferred procedure for use in abstention. See Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598 (8th Cir. 1999).

---

[4] Plaintiff's failure to show a tenancy by sufferance claim would also affect his claims for forcible entry and detainer, as well as his procedural due process claims. See, e.g., Wells Fargo Bank, N.A. v. Smith, 392 S.W.3d 446, 457 n.8 (Mo. 2013) (defendants' mere possessory claim after proper foreclosure of the property did not constitute "property or liberty interest" for purposes of the 14th Amendment).

This procedure is consistent with the Court's second impairment in this instance, the constraints placed upon this Court by the United States Supreme Court's holding in Wallace v. Kato, 549 U.S. 384 (2007), which would require this Court to stay plaintiff's claims, because of the criminal trespass charge currently pending against plaintiff in Bridgeton Municipal Court.

In Wallace v. Kato, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." Wallace, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Id. at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393. In this case, plaintiff asserts claims for illegal seizure, false arrest, and false imprisonment. The principles of Wallace v. Kato dictate that further

consideration of plaintiff's § 1983 claims would have to be stayed until the underlying criminal charges now pending against plaintiff are resolved. Additionally, a stay or abstention until resolution of the trespass action would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will abstain from ruling on the instant action at this time. See Younger, 401 U.S. at 43-44; see also, Wallace, 549 U.S. at 397. This case will be administratively closed pending the outcome of the state criminal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #10] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in <u>City of Bridgeton v. Albert D. Thomas</u>, Case No. S00042622-9 (Original Report #13-02371, Supplement Report #42622).

**IT IS FURTHER ORDERED** that plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him in <u>City of Bridgeton v. Albert D. Thomas</u>, Case No. S00042622-9 (Original Report #13-02371, Supplement Report #42622), within thirty (30) days after final disposition of the charges is made.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 8th day of November, 2013.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE